No. 3--00--0329

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

HIDDEN GROVE CONDOMINIUM ) Appeal from the Circuit Court

ASSOCIATION, ) of the 14
th Judicial Circuit,

 ) Rock Island County, Illinois

Plaintiff-Appellee, ) 

 ) No. 99--SC--2533 

v. ) 

 ) 

KATHERINE CROOKS, ) Honorable

                                ) Dennis DePorter

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the opinion of the court:

_________________________________________________________________

The plaintiff, Hidden Grove Condominium Association (Association), brought an action against the defendant, Katherine Crooks, to recover past due association fees and late charges.  The trial court awarded the Association $1,696.21.  On appeal, Crooks claims that the Association's late charge for failure to make timely assessment fee payments is an unenforceable penalty.  We agree.  Accordingly, we reverse and remand.

FACTS

The Association is the governing body of a condominium apartment complex located on 38
th
 Street in Rock Island, Illinois.  Under its bylaws, the Association assesses its members a monthly fee of $88.23 to cover the costs for general maintenance and repair of the condominium facilities.  Members who fail to pay the assessment on a timely basis are charged a late fee of $25.  

Crooks owned a unit in the complex and was a member of the Association.  On October 13, 1997, she paid the Association $1,176 in assessment fees.  The payment covered approximately 14 months of fees from December 1996 through January 1998.  However, because she failed to make each monthly payment on a timely basis, the Association charged Crooks a late fee for every month she had failed to pay the assessment.  Crooks was charged $25 for the first month and an additional $25 for every month thereafter. The Association's records for 1997 indicated that Crooks was charged a $225 late fee for the payment due in January 1997, a $200 late fee for the payment due in February 1997, a $175 late fee for March, and similarly calculated late fees for each month thereafter until the October payment was received.  Crooks made lump sum payments toward assessment fees in 1998 and 1999 as well.  Additional late fees were charged.  

On August 25, 1999, the Association filed suit against Crooks seeking to collect overdue assessment fees and late charges from 1997 through 1999.  After hearing arguments, the trial court entered judgment in favor of the Association.  Crooks appeals.

STANDARD OF REVIEW

Our review of the trial court's order granting the Association's request for past due fees involves only a question of law.  Therefore, we apply a 
de
 
novo
 standard of review.  See 
P.R.S. International, Inc. v. Shred Pax Corp.
, 184 Ill. 2d 224, 703 N.E.2d 71 (1998).   

DISCUSSION

On appeal, Crooks claims that the late charges assessed by the Association are unenforceable penalties. 

Pursuant to the Condominium Property Act (Act) (765 ILCS 605/9(a) (West 1998)), it is the duty of every unit owner in a condominium association to pay her proportionate share of the common expenses.  Section 18.4 of the Act further provides that the board of managers may impose charges for a unit owner's late payment of those expenses.  765 ILCS 605/18.4(l) (West 1998).      In general, a plaintiff is only entitled to recover damages under a contract theory to the extent provided by the terms of the written instrument.  However, if the purpose of the clause fixing damages is merely to secure performance of the agreement, it will be not be upheld.  
Stride v. 120 West Madison Building Corp.
, 132 Ill. App. 3d 601, 477 N.E.2d 1318 (1985).  An agreement setting damages in advance of a breach is an unenforceable penalty unless: (1) the amount so fixed is a reasonable forecast of just compensation of the harm that is caused by the breach; and (2) the harm caused is difficult or impossible to estimate.  
United Order of American Bricklayers and Stone Masons Union No. 21 v. Thorlief Larsen & Son, Inc.
, 519 F.2d 331 (7th Cir. 1975).  The unreasonable nature of the sum provided is sufficient grounds for finding that the sum was intended to be a penalty.  
United Order of American Bricklayers
, 519 F.2d 331.   
 
    

According to the Association's bylaws, members are charged $25 for each month an assessment fee payment is late.  The necessary expenses and administrative costs of pursuing the late assessment fee as well as lost interest income on the fee could reasonably equal the late charge.  

Although this initial charge seems reasonable, the piling on of an additional $25 per month for each month the assessment fee goes unpaid is unreasonable.  For example, in 1997, Crooks didn't pay her January assessment until October.  She was charged $225 or nine months of continuous late fees against her January assessment.  That sum equals a 255% return on an initial $88.23 fee.  Those costs necessary to maintain a past due account would not increase at the same nominal rate for every month beyond the initial month of late payment.  Not even the loss in income from the interest on the assessment fee requires such a late charge.  Typically, an interest charge to recover the lost value of money ranges between 5% and 10%.  To demand an interest rate in gross excess of this amount is unnecessary and does not reasonably relate to any recoverable expense of a late payment.  Thus, we must assume that the compounding nature of the late charge is merely an attempt to secure timely payment of the assessment fee.

In sum, we find that a cumulative late charge is an unreasonable charge for failure to pay one monthly assessment fee.  However, we hold that a one-time late charge of $25 would be reasonable.  Consequently, we find that the charge agreed to in the Association's bylaws is an unenforceable penalty.  Accordingly, we reverse the trial court's decision ordering Crooks to pay the Association $1,696.21 in past due assessment fees and late charges.  We remand to the trial court for a hearing to determine the amount of late charges.  The judgment entered should be reduced accordingly.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and remanded for further proceedings consistent with the opinion expressed herein.

Reversed and remanded.

LYTTON and BRESLIN, JJ., concur.